**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0261-19T3

JAHLI MILES,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted November 30, 2020 – Decided December 14, 2020

Before Judges Sabatino and DeAlmeida.

On appeal from the New Jersey State Parole Board.

Jahli Miles, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

Jahli Miles, a state prisoner, appeals the Parole Board's July 31, 2019 final agency decision denying him parole and imposing an eighteen-month Future Eligibility Term ("FET"). We affirm.

In October 2007, appellant pled guilty to first-degree aggravated sexual assault of a victim between thirteen and sixteen years old and third-degree aggravated assault. For the sexual assault, appellant received a twelve-year sentence subject to an eighty-five percent parole bar with an additional five years of parole supervision upon release. For the assault charge, he received a concurrent five-year sentence.

On May 15, 2017, appellant was released to parole supervision. Subsequently, on January 30, 2018, appellant was arrested for possession of a synthetic cannabis.

As a result of his arrest, appellant was returned to custody at South Woods State Prison. Appellant's parole then was revoked on October 3, 2018, for failure to notify his parole officer of his January 2018 arrest, failure to refrain from the use of a controlled dangerous substance ("CDS"), and failure to complete a drug rehabilitation program known as "RESAP." Appellant's circumstances were then reviewed by the Parole Board.

A-0261-19T3

A two-member Parole Board panel denied appellant parole and imposed the eighteen-month FET, which is shorter than the presumptive twenty-seven-month FET prescribed by parole regulations, N.J.A.C. 10A:71-3.21(a)(1). Appellant administratively appealed that ruling to the full Board, which affirmed the panel's decision.

Among other things, the full Board noted, pursuant to N.J.A.C. 10A:71-3.11(b)(17), that appellant exhibited insufficient problem resolution, including lacking insight into his criminal behavior, minimizing his conduct, and not sufficiently addressing his substance abuse problem. The Board further rejected appellant's contention that the Board panel failed to "review documented evidence in [the] case file, indicating successful rehabilitation regarding drug abuse, at [a] parole sanctioned program (RE-SAP [sic]) at Liberty House." The Board found that although appellant was involved in drug treatment, he gained little insight from these programs.

Although the Board panel found mitigating factors such as appellant's minimal offense record, his absence of infractions, his participation in programs specific to behavior, and institutional reports reflecting appellant's favorable institutional adjustment, these mitigating factors were not deemed sufficient to "negate the fact that [appellant] still lack[s] insight into [his] criminal behavior"

 A-0261-19T3

and still minimizes his conduct. The Board also underscored appellant's two-decade history of unresolved substance abuse.

The Board rejected appellant's contention that the Board panel failed to review his "[o]utpatient sex offender counseling data in regards to [his] rehabilitation and likelihood of reoffending." The Board concluded the panel appropriately reviewed appellant's entire record in rendering its decision, including the outpatient sex offender counseling reports and mental health evaluation which were included in such record.

Additionally, the Board also rejected appellant's claim that the panel failed to offer him programs to address his homelessness and lack of employment, finding that the panel made a reasoned decision based on a preponderance of the evidence that appellant would violate the conditions of parole if released at that time. The conclusion was supported by appellant's long-standing substance abuse, his record of three prior adult convictions, and his prior release on parole which was violated when appellant participated in further drug use and criminal behavior. The full Board agreed with the panel that placement in a program would not overcome this preponderance of evidence supporting a decision to deny parole.

A-0261-19T3

On appeal, appellant contends the Board's decision was arbitrary and capricious, as it gave too much weight to factors weighing against his release and too little to mitigating factors. We disagree.

Our scope of review of Parole Board determinations is highly circumscribed, and "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200 (2001) ("Trantino V") (Baime, J., dissenting).

"The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10 (1979)). "To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Ibid. (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)). Hence, our courts "may overturn the Parole Board's decisions only if they are arbitrary and capricious." Ibid. We do not disturb the Board's factual findings if they "could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 172 (quoting Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998) ("Trantino IV")). "Administrative actions, such as parole decisions, must be upheld where the findings could reasonably have been

A-0261-19T3

reached on the credible evidence in the record." <u>McGowan v. N.J. State Parole Bd.</u>, 347 N.J. Super. 544, 563 (App. Div. 2002).

Applying these well-established principles of deference to the Board's expertise, we affirm its determination in this case. Among other things, appellant's reoffending soon after his previous release and his persisting drug dependency justified the Board's imposition of a rather modest FET.[1]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] The Department of Corrections website indicates that the eighteen-month FET was scheduled to expire on December 5, 2020. Appellant's maximum release date is May 15, 2022.

A-0261-19T3